SCANNED
FILED
SEP 2 8 2000
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

ENTERED
SEP 28 2000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Transcontinental Insurance Company, as subrogee of Intown Properties Management, Inc., | ) ) ) ) | C/A No. 6:99-0327-24 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Wheaton Van Lines, Inc., Rite-Way Moving Services, Inc., and John Kowats, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| Intown Properties Management, Inc., | ) ) | C/A No. 6:99-2287-24 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Wheaton Van Lines, Inc., Rite-Way Moving Services, Inc., John Kowats, Paccar Leasing Corporation, and One 1995 Kenworth Truck, VID No. 2XKADR9XXSM64507, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

These cases arise out of an incident wherein Defendant John Kowats, an agent, servant, and employee of Defendants Wheaton Van Lines, Inc. ("Wheaton") and Rite-Way Moving Services, Inc., allegedly failed to keep proper control of a truck that was traveling on I-85 in Greenville County, South Carolina, on July 18, 1996. The truck, which was owned by Defendant Paccar

Leasing Corporation, left the highway, traveled down an embankment, and crashed into hotel property owned and managed by Plaintiff Intown Properties Management, Inc. ("Intown"). Plaintiff Transcontinental Insurance Company ("Transcontinental") is Intown's insurer and subrogee. Transcontinental paid Intown under its insurance policy $302,700.85 for losses resulting from the accident.

Transcontinental brought an action on February 5, 1999, in its capacity as subrogee of Intown ("Transcontinental Action"). In its complaint, Transcontinental demanded "judgment against the Defendants in an amount equal to its payments to its insured, Intown Properties, together with pre-judgment interest, reasonable attorney's fees, the costs of this action and any other relief this Court deems proper." Compl., p. 4. Intown subsequently brought an action on July 9, 1999 ("Intown Action"). Intown demanded judgment against Wheaton "in an amount equal to its actual damages, together with pre-judgment interest, reasonable attorney's fees, the costs of this action, punitive damages and any other relief this Court deems proper." Compl., p. 6. Intown alleges that it has sustained damages in the amount of $212,217.96 for lost revenues and loss of reputation and goodwill. This amount is over and above the $302,700.85 paid under its insurance policy with Transcontinental.

The cases were consolidated by consent order filed October 8, 1999. Thereafter, all Defendants except Wheaton Van Lines, Inc. were dismissed from these actions by consent order filed December 15, 1999. On December 17, 1999, Transcontinental filed a stipulation of dismissal with respect to its case after it settled its claims with Wheaton.

These matters are before the court on Wheaton's motion for summary judgment filed in the Intown Action on October 26, 1999. Intown filed a response to Wheaton's motion on November 19, 1999. Also before the court is a motion to amend pleadings filed by Intown on November 30, 1999,

2

in the Transcontinental Action.[1] Wheaton filed a memorandum in opposition to Intown's motion on December 20, 1999.

The court held a hearing on these matters on April 10, 1999. The court has considered the pleadings, motions, memoranda, and other evidence of record in the case. The court concludes that Wheaton's motion for summary judgment should be granted and that Intown's motion to amend should be denied.

## I. DISCUSSION

The motions before the court are inextricably related in that the court's decision regarding Intown's motion to amend also will determine the outcome of Wheaton's motion for summary judgment. The court is constrained to commence with a discussion of Wheaton's motion, turn to the merits of Intown's motion, and then make a final determination regarding the merits of Wheaton's motion.

Wheaton contends that the Intown Action must be dismissed because Intown failed to serve its complaint on Wheaton within the applicable three-year limitations period. See S.C. Code Ann. § 15-3-530(5). As noted previously, the incident from which these actions arose took place on July 18, 1996. Therefore, the limitations period commenced on July 18, 1996, and terminated on July 17, 1999. Intown filed a complaint with this court on the basis of diversity of citizenship on July

---

[1] Intown's motion was filed prior to the stipulation of dismissal in the Transcontinental Action. Although the Transcontinental Action technically is closed, Intown's motion presents an actual controversy. Therefore, the motion to amend is not moot. See North Carolina v. Rice, 404 U.S. 244, 246 (1971) (courts have no jurisdiction to decide moot questions or abstract propositions; "[t]o be cognizable in federal court, a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

3

9, 1999. However, Intown did not serve Wheaton until August 31, 1999, outside the three-year period.

A district court must apply the state law concerning the applicable statute of limitations in federal diversity jurisdiction cases. See Walker v. Armco Steel Corp., 446 U.S. 740, 745-46 (1980). In addition, a district court sitting in diversity must follow state law concerning "commencement" for purposes of tolling a statute of limitations. See Sunshine Sportswear & Elec. v. WSOC Television, Inc., 738 F. Supp. 1499, 1511 (D.S.C. 1989). Therefore, the court must apply South Carolina law to determine whether the within action is barred by the statute of limitations.

Rule 3(a), SCRCP provides that an action is commenced by both the filing and serving of a summons and complaint. Although Intown timely filed its complaint, it did not serve the complaint until August 31, 1999. The present action is barred by Intown's failure to serve Wheaton within the applicable three-year period.

Intown seeks to avoid this result by moving to amend the complaint in the Transcontinental Action pursuant to Rule 17, FRCP in order to assert its rights as the "real party in interest." Rule 17 provides:

> (a) **Real Party In Interest**. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, or trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Since Rule 17(a) allows such substitution to "have the same effect as if the action had been

4

commenced in the name of the real party in interest," and since the complaint in the Transcontinental Action was filed and served on Wheaton within the limitations period, Intown can avoid the limitations issue if it is successful in becoming the named plaintiff in the Transcontinental Action.

The purpose of Rule 17 is to enable a defendant to present defenses against the proper persons, to avoid subsequent suits, and to proceed to finality of judgment. Rackley v. Board of Trustees, 35 F.R.D. 516, 517 (E.D.S.C. 1964). Intown candidly admits that the better practice would have been for it to make a timely motion to intervene in the Transcontinental Action. See Rule 24, FRCP. Intown urges the court to address its Rule 17 motion on the merits in order to further "the basic goal of the federal rules, to secure a just determination of every action." Response of Intown Properties Management, Inc. to Motion for Summary Judgment of Wheaton Van Lines, Inc., p. 11. Rule 17 also protects a real party in interest from an expired statute of limitations if the named plaintiff filed within the limitations period. Thus, the court will turn to the merits of Intown's motion.

The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation. Virginia Elec. & Power Co. v. Westinghouse Elec. Corp. 485 F.2d 78, 83 (4th Cir. 1973). Whether, in a diversity action, a plaintiff is entitled to enforce the asserted right depends upon the underlying substantive law of the state. Id. In South Carolina, an insurer, upon payment of a covered loss brought about by the tortious conduct of a third party, becomes subrogated pro tanto by operation of law to whatever rights the insured may have against the wrongdoer. Calvert Fire Ins. Co. v. James, 114 S.E.2d 832, 835 (S.C. 1960) (citing cases). Where the insurer has paid to the insured the entire loss, it may bring an action either in its own name or in that of the insured against the tortfeasor whose wrongful act caused the loss, for in such



5

case the whole remedial right is vested in it. As a general rule, it may not bring an action against the tortfeasor where it has paid only a portion of the loss sustained by the insured, because the insured's right of action is single and indivisible. Id. (citing South Carolina Elec. & Gas Co. v. Aetna Life Ins. Co., 95 S.E.2d 596 (S.C. 1956)). The purpose of the indivisibility rule is to protect the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong. Pringle v. Atlantic Coast Line R. Co., 47 S.E.2d 722, 724 (S.C. 1948).

In this case, Transcontinental, as subrogee, possessed no right to bring an action separate from Intown because Transcontinental had not paid Intown for its entire losses resulting from the July 18, 1996 accident. Intown's right of action against the defendant tortfeasors was single and indivisible.

This finding is of no avail to Intown, however. A challenge to a party's status as the real party in interest must be made promptly or the court may conclude the point has been waived. Bardoon Properties, NV v. Eidolon Corp., 485 S.E.2d 371, 373 (S.C. 1997). Here, Intown waived its right to assert the claims set forth in the Transcontinental Action by filing a separate action in its own name. Moreover, Intown did not move the court to join the Transcontinental Action until nearly ten months after the commencement of the Transcontinental Action and a month after Wheaton filed its motion for summary judgment in the Intown Action based upon Intown's failure to comply with the statute of limitations. The court concludes that Intown's motion to amend should be denied.

Intown further asserts that the "imposition of a procedural remedy [under Rule 17] by the Court to identify Intown as the real party in interest would be merely the administrative recognition of what has been essentially accomplished by the consolidation" of these two cases. The court disagrees. As a general rule, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties,

6

or make those who are parties in one suit parties in another." <u>Johnson v. Manhattan R. Co.</u>, 289 U.S. 479, 496-97 (1933) (footnote omitted). Here, the parties specifically agreed that the Transcontinental Action and the Intown Action would be "consolidated for discovery and trial. The parties acknowledge and agree that the consolidation of these two cases does not impair any party's ability or right to argue the statute of limitations is or is not a bar to either or both plaintiffs' claims." Consent Order for Consolidation, p. 2. Intown's contention that the consolidation rendered Wheaton's motion for summary judgment moot is without merit.

Intown could not prevail even if the court were to find that Intown did not waive its right to assert that it was a real party in interest in the Transcontinental Action. The Advisory Committee Notes to Rule 17 provide that "[t]he provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." In such cases, a correction in parties is permitted even after the statute of limitations governing the action has run. "However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice. Thus, it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then the last sentence of Rule 17(a) was not applicable and the action should be dismissed." 6A C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice & Procedure: Civil 2d § 1555 (citing cases).

The equities underlying application of Rule 17 are not met in this case. Intown has been involved in litigation against Wheaton at least since 1997. See <u>Davis v. Wheaton Van Lines</u>, C/A No. 6:97-3239-13. Intown knew that it had a claim against Wheaton for business losses that had not been reimbursed through insurance. Intown also was aware that Transcontinental had commenced an action against Wheaton in its own name, asserting its own interests. Intown appears

7

to have acquiesced in the splitting of claims against Wheaton, because it filed its own action rather than intervening in the Transcontinental Action. The court concludes that, under these facts, Intown cannot now utilize Rule 17 to evade the statute of limitations defense asserted by Wheaton. Accordingly, Wheaton's motion for summary judgment is granted.

## II. CONCLUSION

For the reasons stated, Wheaton's motion for summary judgment is **granted** and the Intown Action is dismissed. Intown's motion to amend is **denied**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Judge

Spartanburg, South Carolina

September 27, 2000.